UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND BROWN,                          :
                                        :
      Plaintiff,                       :
                                        :
  v.                                    :           CIVIL NO. 3:16-CV-1031
                                        :
JANE DOE, et al.,                       :           (Judge Kosik)
                                        :
      Defendants.                      :

**MEMORANDUM**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Raymond Brown, an inmate at the State Correctional Institution ("SCI") at Huntingdon, Pennsylvania, filed the above consolidated civil rights action pursuant to 42 U.S.C. § 1983. In the complaint, he alleges that Defendants were and continue to be deliberately indifferent to his health by subjecting him to tobacco smoke. Named as defendants in this action are Superintendent Tice, Connie Green, C.A. Manager Ralston and Dorina Varner. Service of the complaint has been directed on said individuals. Presently pending before the court are Plaintiff's motion for a preliminary injunction (Doc. 20) and motion for counsel (Doc. 26). The motion for preliminary injunctive relief is deemed withdrawn in that Plaintiff has never filed a brief in support of the motion. See M.D. Pa. Local Rule 7.5.

In his motion seeking the appointment of counsel, Plaintiff argues that counsel is warranted because (1) he is proceeding in forma pauperis; (2) he is unable to hire an attorney; (3) he is unable to do discovery, to investigate and to conduct a trial without counsel; and (4) an attorney can better present his witnesses and the evidence. Plaintiff actually states the name of the attorney he would like appointed to represent him - - Steve Harvey. Attorney Harvey is from Philadelphia, and Plaintiff provides his address and telephone number. (Doc. 26.)

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure

of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499.  Even assuming the case has some merit, a weighing of the other pertinent factors play in to the determination as to whether counsel should be appointed.  Those factors are:

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

This case is only in the beginning stages.  Service has recently been directed.  Plaintiff has successfully filed motions on his own to correct the complaint to name the proper defendants, and his motions have been granted.  Plaintiff has shown every sign that he is capable of litigating this case on his own.  His filings are both literate and comprehensible.  He appears to have at least some access to legal research materials, and the issues involved are not overly complicated.  While in his motion

3

for counsel Brown expresses concern that his case will require witnesses, evidence and trial preparation, and that an experienced attorney is better equipped to handle said matters, any such concerns are premature at this stage of the proceedings. Moreover, although Plaintiff names an attorney that he would like appointed, there is no indication that said attorney has agreed to take this case.  For all of these reasons, the motion for appointment of counsel will be denied without prejudice at this time. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.