UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL NO. 3:16-CV-1031 |
| | : | |
| JANE DOE, et al., | : | (Judge Kosik) |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

I.  **Background**

Raymond Brown, an inmate at the State Correctional Institution ("SCI") at Huntingdon, Pennsylvania, filed the above consolidated civil rights action pursuant to 42 U.S.C. § 1983.  In the complaint, he alleges that Defendants were and continue to be deliberately indifferent to his health by subjecting him to tobacco smoke. Currently proceeding as defendants in this action are Superintendent Tice, Connie Green, C.A. Manager Ralston and Dorina Varner.  Service of the complaint has been directed on said individuals, and on October 12, 2016, waivers were submitted by all four (4) defendants.  On November 7, 2016, Defendants moved for an enlargement of time until December 7, 2016, within which to file a responsive pleading.  Currently pending is Plaintiff's motion seeking reconsideration of this court's Memorandum

and Order of October 25, 2016 denying him counsel.[1]  (Docs. 27, 28.)

## II. Legal Standard for Motion for Reconsideration

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Kabacinski v. Bostrom Seating, Inc., 98 F. App'x 78, 81 (3d Cir. 2004)(quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  Because "federal courts have a strong interest in the finality of judgments," United States v. Hoey, No. 09-200, 2011 WL 748152, at *2 (W.D. Pa. Feb. 15, 2011)(citation omitted), the standard that must be met to prevail on a motion for reconsideration is high, see Berry v. Jacobs IMC, LLC, 99 F. App'x 405, 410 (3d Cir. 2004).

The court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  United States v. Banks, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008)(citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Motions for reconsideration are not a tool to re-litigate and reargue issues which have

---

[1] In the Memorandum and Order, the court also deemed a motion for preliminary injunction filed by Plaintiff moot due to his failure to file a supporting brief.  See M.D. Pa. 7.5.

already been considered and disposed of by the court, see <u>Hoey</u>, 2011 WL 748152, at *2 (citation omitted), or for addressing arguments that a party should have raised earlier, see <u>United States v. Dupree</u>, 617 F.3d 724, 732-33 (3d Cir. 2010)(quotations omitted).  Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue.  <u>Hoey</u>, 2011 WL 748152, at *2.  The mere dissatisfaction with the court's ruling is not a proper basis for reconsideration.  <u>Progressive Cas. Ins. Co. v. PNC Bank, N.A.</u>, 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

**III.   Discussion**

   None of the reasons which support reconsideration exist in the instant case.  Plaintiff disagrees with the court's decision to deny, without prejudice, his motion for counsel.  He basically rehashes his arguments in support of counsel, arguments that have already been addressed by the court.  While Plaintiff disagrees that this case is still in the early stages, he is mistaken.  Defendants have waived service of the amended complaint, but have very recently moved to enlarge the time within which they must respond thereto.  As such, no response has yet been filed.  While Plaintiff devotes much time to arguing that he is unable to produce a legal brief in opposition to the summary judgment motion that Defendants will file, any such argument is clearly premature at this time.  Moreover, any discovery would be permitted prior

thereto. There is no reason why Plaintiff could not serve discovery requests on the defendants at the appropriate time. Based on his motion for reconsideration, he knows what discovery information he would need. As such, and for the reasons previously given by the court in the Memorandum of October 25, 2016, the instant motion for reconsideration is denied. An appropriate order follows.