**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RAYMOND BROWN,** : | |
| Plaintiff : | |
| : | **CIVIL ACTION NO. 3:16-1031** |
| v. : | **(JUDGE MANNION)** |
| **CONNIE GREEN, et al.,** : | |
| Defendants : | |

**MEMORANDUM**

**I. Background**

Plaintiff, an inmate confined in the State Correctional Institution, Huntingdon ("SCI-Huntingdon"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the following correctional officers at SCI-Huntingdon: Connie Green; Superintendent Tice, Manager Ralston and Dorina Varner. Id. Plaintiff alleges that Defendants are deliberately indifferent to his health, by continually exposing him to tobacco smoke. Id. By Memorandum and Order dated August 28, 2017, the Court granted Plaintiff's motions to withdraw the above captioned action pursuant to Fed.R.Civ.P. 41(a)(2) and the case was closed. (See Docs. 62, 63). Presently before the Court is Plaintiff's motion for reconsideration of this Court's August 28, 2017 Memorandum and Order and to reopen the above captioned action. (Doc.

67). Also before the Court is Plaintiff's motion for leave to file an amended complaint. (Doc. 66). For the reasons set forth below, Plaintiff's motions will be denied.

**II.     DISCUSSION**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals

2

Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the procedural history in the above captioned action reveals that on January 23, 2017, Defendants filed a motion for summary judgment on the issue of exhaustion. (Doc. 47). On February 7, 2017, this Court issued an Order, affording Plaintiff the opportunity to file an opposition brief by April 7, 2017. (Doc. 55). Plaintiff failed to file a brief in opposition, and instead, filed a "Motion to Withdraw Civil Action 16-1031." (Doc. 57). On July 24, 2017, Plaintiff filed another "Motion to Close Civil Action 16-1031 with No Costs to Either Party." (Doc. 59). On August 7, 2017, Defendants filed an unopposed motion for dismissal of the above captioned action, provided the dismissal is pursuant to Fed.R.Civ.P. 41(a)(2). (See Doc. 60). By Memorandum and Order dated August

3

28, 2017, the Court granted Plaintiff's motions to withdraw the above captioned action pursuant to Fed.R.Civ.P. 41(a)(2) and the case was closed. (See Docs. 62, 63).

Plaintiff now seeks to reinstate the above captioned action, stating that he sought to voluntarily dismiss the action because it was his "intent to go back through the grievance system and to properly exhaust his administrative remedies" and that "since then [Plaintiff] has fully went through the grievance system." (See Doc. 67). Thus, Plaintiff now seeks to reopen the above captioned action and to amend his complaint to add additional defendants and claims. Id.

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to pursue all available administrative remedies within the prison's grievance system before bringing a civil rights action concerning prison conditions in federal court. See 42 U.S.C. §1997e(a); Ross v. Blake, ___ U.S. ___, 136 S.Ct. 1850, 1855, 195 L.Ed.2d 117 (2016). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Exhaustion is mandatory and must be "proper," which requires a prisoner to "us[e] all steps that the agency holds out, and [to do] so properly (so that the

agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006)(emphasis in original). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." (Id.) The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. (Id.) Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004); Small v. Camden Cty, 728 F.3d 265, 272 (3d Cir. 2013) (completion of the administrative review process "means 'substantial' compliance with the prison's grievance procedures"). Further, the Supreme Court has held that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 212, 127 S.Ct. 910, 918-19, 166 L.Ed.2d 798 (2007).

Dismissal of an inmate's claim is appropriate when the prisoner has failed to exhaust his available administrative remedies before bringing a civil-rights action. Nifas v. Beard, 274 F. App'x 241, 245 (3d Cir. 2010)(nonprecedential) (affirming grant of summary judgment that dismissed

claims without prejudice where administrative remedies were not exhausted prior to commencement of action). Thus, had Plaintiff not requested to voluntarily dismiss his action, it would have been dismissed for failure to properly exhaust administrative remedies.

As such, Plaintiff presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Brown's action was properly dismissed. Accordingly, this Court finds that its Memorandum and Order of August 28, 2017, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied. Moreover, because it is apparent from Defendants' motion for summary judgment, and Plaintiff's own concession, that he has failed to exhaust administrative remedies prior to filing the above captioned action, his motion to file an amended complaint will be denied An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 25, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1031-02.wpd